# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| AMANCIO ABURTO-GAMINO, ) | | |
| ID # 99059-179, ) | | |
|     Movant, ) | No. 3:17-CV-3176-L (BH) | |
| vs. ) | No. 3:13-CR-0193-L (01) | |
| ) | | |
| UNITED STATES OF AMERICA, ) | | |
|     Respondent. ) | Referred to U.S. Magistrate Judge | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the motion to vacate, set aside, or correct sentence should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit as a successive motion.

## I.  BACKGROUND

Amancio Aburto-Gamino ("Movant") pleaded guilty to illegal reentry and was sentenced to 78 months in prison. (*See* doc. 28.)[1] He did not appeal but later filed a motion under 28 U.S.C. § 2255 that raised the following claims: (1) his counsel was ineffective for failing to file a direct appeal; (2) his counsel was ineffective for failing to negotiate a plea agreement; (3) his counsel was ineffective for misleading him into believing that his offense level would be reduced because he pleaded guilty; (4) his counsel failed to attend his rearraignment hearing; (5) his counsel was ineffective at sentencing for failing to argue "important aspects" and "showed his lack of skill and knowledge" by continuing to argue that Movant was entitled to the "third level of reduction for acceptable of responsibility as a matter of right"; and (5) that the District Court imposed a

---

[1] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:13-CR-193-L.

"substantively unreasonable sentence" in light of his wife's illness. (*See* 3:14-CV-4365-L, doc. 2 at 7-8 & doc. 4 at 5-26.) The Court granted Movant's request for an out-of-time appeal, entered an amended judgment, and denied his remaining claims without prejudice. (*See* 3:14-CV-4365-L, doc. 14; doc. 41.) Movant filed a direct appeal, but it was denied. *See United States v. Aburto-Gamino*, 697 F. App'x 272, 273 (5th Cir. 2017) (per curiam).

In his current § 2255 motion, received on November 20, 2017, Movant claims that: (1) his counsel was ineffective for failing to argue that Movant was entitled to a "downward variance under [the United States] Sentencing Guidelines, § 5K2.0 based on [c]ultural [a]ssimilation" and for failing to request a one-level reduction under U.S.S.G. § 3E1.1(b); and (2) the Court erred in "failing to appreciate its discretion to vary from the advisory guideline range" under 18 U.S.C. § 3553(a) and Amendment 755. (*See* 3:17-CV-3176-L, doc. 2 at 4-17.)

**II. JURISDICTION**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

Under 28 U.S.C. § 2255(h), a district court lacks jurisdiction over a successive § 2255 motion unless it was first authorized by a United States Court of Appeals. *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015). A subsequent § 2255 motion is considered successive

when it: "1) raises a claim challenging the [movant's] conviction or sentence that was or could have been raised in an earlier [motion to vacate]; or 2) otherwise constitutes an abuse of the writ." *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Under *Orozco-Ramirez,* Movant was required to present all available claims related to his conviction or sentence in his first § 2255 motion. This "requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court." 211 F.3d at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

Movant now seeks to present claims that he could have raised in his first motion. Specifically, he argues that his counsel was ineffective for failing to argue for a lower sentence under U.S.S.G. §§ 5K2.0 and 3E1.1, and that the Court misapprehended its ability to vary from the guideline sentence. Because he could have raised those claims in his earlier motion, this motion is successive within the meaning of § 2255. *See Orozco-Ramirez*, 211 F.3d at 867 ("Orozco-Ramirez's claims of ineffective assistance of counsel at trial were available to him and could have been asserted by him in his initial *habeas* motion. . . . Accordingly, they are 'second or successive' under AEDPA.") (internal citation omitted).

When a motion to vacate is successive, the movant must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider it. *See* 28 U.S.C. § 2244(b)(3)(A) (made applicable to motions to vacate by § 2255). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application

3

must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2).

Because the Fifth Circuit has not issued an order authorizing this Court to consider Movant's successive § 2255 motion, this Court lacks jurisdiction over it. A district court may dismiss such a motion. *See Fulton*, 780 F.3d at 686. "Alternatively, a district court may transfer a petition lacking authorization to [the Fifth Circuit] for want of jurisdiction upon a finding that the petition is successive." *Fulton*, 780 F.3d at 686. Movant's motion should be transferred to the Fifth Circuit.

### III. RECOMMENDATION

The motion to vacate filed under 28 U.S.C. § 2255 should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to *Fulton*, 780 F.3d at 686. The motion for a certificate of appealability should be **DENIED** as unnecessary.

**SIGNED this 21st day of November, 2017.**

                                                                                            IRMA CARRILLO RAMIREZ
                                                                                            UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE